Eastern District of Kentucky
FILED
SEP 16 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-326-JMH

J. B. DONALD ASHER                                    PLAINTIFF

VS:           **MEMORANDUM OPINION AND ORDER**

THREE FORKS REGIONAL JAIL, ET AL.                     DEFENDANTS

J. B. Donald Asher, an individual presently confined at the Hopkins County Jail in Madisonville, Kentucky, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, together with an application to proceed *in forma pauperis*.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

### CLAIMS

The plaintiff claims that while he was incarcerated at the Three Forks Regional Jail (1) he was wrongly assaulted by a correctional officer, and (2) then he was denied medical attention.

### DEFENDANTS

As defendants, the plaintiff names a total of five (5) defendants: the Three Forks Regional

Jail; the assailant, Captain Rick Rice; Jailer Arthur Noe; Administrator Brandon Smith; and Captain Marty Bowman.

## RELIEF REQUESTED

The plaintiff seeks injunctive relief.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the factual allegations contained in the plaintiff's original filing [Record No. 1] and later completed court complaint form [Record No. 4], which the Court construes as an amendment of right.

The plaintiff alleges that on May 14, 2005, while he was incarcerated in the Three Forks Regional Jail, Defendant Rice came into his segregated cell, No. 136, and assaulted him. This defendant purportedly handcuffed him with his arms behind his back, threw him against the wall and put his knee in his back, and threw him down on the bunk. The plaintiff states that he has had two back surgeries, muscle spasms, and his left leg is smaller than the right.

The plaintiff further alleges that later that day he reported what happened to Defendant Captain Marty Bowman, who interviewed him about his being harassed by the second shift officers, but that was all Bowman did. On May 17th, Jail Services Specialist Desi D. Brooks and Captain Jammie Fultz came to see him about the incident. Purportedly, the plaintiff showed the latter two his right wrist and the back of his legs, and Mr. Brooks said that he was going to talk to the administrator to get the plaintiff transferred to a medical facility. The plaintiff complains that the only medical attention he received was a nurse's giving him exercises.

The plaintiff further claims that there is no administrative remedy system at the jail but he did report the incident to Fultz, as aforedescribed, and to Defendant Smith and an Officer Little. The

only result was that he was transferred to another jail. At some point the plaintiff was housed at the Perry County Jail. He alleges that officials at both the Three Forks facility and at the Perry County Jail would not fill out the certificate of inmate account form in support of his motion to proceed *in forma pauperis*, but, he swears, he has no money anyway.

In his original documents, the plaintiff stated that at the Perry County facility, he filled out a request to see a doctor and had one scheduled for "today." In his later submissions, however, he does not report anything about the appointment. On August 18, 2005, the plaintiff was transferred to his current location, the Hopkins County Jail, in Madisonville, Kentucky.

The plaintiff alleges that he is still suffering pain from his injuries. He seeks an investigation and a transfer to a medical dormitory in a corrections facility.

## DISCUSSION

The plaintiff has alleged, in essence, that Rick Rice, under color of state law, subjected him to excessive force. Generally, once a person has passed through the criminal justice system from arrest to jailing, or conviction to incarceration, claims of excessive use of official force against a prisoner, while incarcerated, are subject to scrutiny under the Eighth Amendment's prohibition of "cruel and unusual punishment," rather than under Fourth or Fifth Amendment standards; *see Ingraham v. Wright*, 430 U.S. 651 (1977); *accord: Smith v. Freland*, 112 S. Ct. 1954 (1992). The U.S. Supreme Court has held that even minor injuries inflicted by prison guards against inmates violate §1983, and that "physical force by prison officials, if not a good-faith effort to maintain or restore discipline, [is] always . . . unconstitutional." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Therefore, Defendant Rice will be summoned to respond to this claim.

3

The plaintiff is also claiming that deliberate indifference has been exhibited to his serious medical needs, and the Court construes the allegations against the remaining defendants, the Three Forks facility, the jailer, Smith and Bowman, to be that they knew of his injuries but refused to treat them, which is an Eighth Amendment violation of another sort. The Supreme Court has held that "[i]n order to state a cognizable claim [under the Eighth Amendment with regard to medical care] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Therefore, a prisoner must show both "deliberate indifference" and "serious medical needs." *Id.* Deliberate indifference may be "manifested by prison doctors in their response to a prisoner's needs or by prison [staff] in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104.

The plaintiff has not mentioned capacity. When capacity is not explicitly pled, and §1983 state actor/non-state official local government officials have been named as defendants, they have been sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). *See also Leach v. Shelby Co. Sheriff*, 891 F.2d at 1245. In a 42 U.S.C. §1983 action, a claim against a state actor/local governmental official in his or her official capacity is equivalent to a suit against the local governmental entity. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989).

Similarly, to the extent this action is brought against the Three Forks Regional Jail, the county governing it is the proper party/entity to redress the allegations made against the jail. *Id.*; *see also Matthews v. Jones*, 35 F.3d 1046 (6th Cir. 1994) (citing *Smallwood v. Jefferson Co. Govt.*, 743 F. Supp. 502, 503 (W.D. Ky. 1990)); *see also Johnson v. Hardin Co., Ky.*, 908 F.2d 1280 (6th Cir. 1990); *Brown v. Marshall Co.*, 394 F.2d 498 (6th Cir. 1968).

4

Thus, to the extent this action is brought against the Three Forks Regional Jail and Jailer Noe, in his official capacity, it is deemed to have been brought against Lee County.

## CONCLUSION

Accordingly, the Court being advised,

**IT IS ORDERED** as follows:

(1) The named defendants in this action are the Three Forks Regional Jail; Captain Rick Rice; Jailer Arthur Noe; Brandon Smith; and Marty Bowman.

(2) The Clerk in the divisional office in which the case lies shall prepare and issue summonses for the Three Forks Regional Jail in Beattyville, Kentucky; Captain Rick Rice; Jailer Arthur Noe; Brandon Smith; and Marty Bowman, in their official capacities.

(3) The divisional Clerk shall also prepare as many copies of the complaint as there are summonses and any required USM Forms 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a Clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(4) After the Lexington Clerk's office has prepared the summonses, USM Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk in the Lexington Clerk's office shall hand-deliver said documents to the United States Marshal's office in Lexington, Kentucky.

(5) The Lexington Deputy Clerk making the delivery referenced in paragraph (5) to the United States Marshal's office shall obtain from the Marshal a receipt for the hand-delivered documents, which receipt shall be entered into the instant record by the Clerk.

(6) The United States Marshal shall serve a summons, complaint copy, and copy of this Order on each named defendant and shall do so by certified mail, return receipt requested.

(7) The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(8) The plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(9) For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

(10) The Clerk shall correct the docket to reflect the plaintiff's current location, in Madisonville, Kentucky, in conformity with the address in the last two attachments to D.E. 4.

(11) The Clerk is directed to serve a copy of this Order the Office of General Counsel for the Kentucky Department of Corrections in Frankfort, Kentucky.

This the 16th day of September, 2005.

/s/ Joseph M. Hood
JOSEPH M. HOOD, CHIEF JUDGE